UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| )                                  | |
| Plaintiff,          )              | Case No. 1:06-cr-00126 |
| )                                  | |
| v.                                 ) | Honorable Gordon J. Quist |
| )                                  | |
| DARRON DEON HOWARD,       )        | |
| a/k/a                           )  | |
| Darren Deon Howard,         )      | |
| )                                  | |
| Defendant.         )               | |
| )                                  | |

## REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on November 9, 2006, after receiving the written consent of defendant and all counsel. At the hearing, defendant Darron Deon Howard entered a plea of guilty to the One-Count Indictment, charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 921(a) and 924(a)(2), in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to the One-Count Indictment be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing.  Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.  The clerk is directed to procure a transcript of the plea hearing for review by the District Judge.


Date:  November 17, 2006                   /s/ Ellen S. Carmody
                                           ELLEN S. CARMODY
                                           United States Magistrate Judge


**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing.  *See* W.D. MICH. L.CR.R. 11.1(d).