UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DARRON DEON HOWARD, )<br>a/k/a )<br>Darren Deon Howard, )<br>)<br>Defendant. )<br>_____) | Case No. 1:06-cr-00126<br><br>Honorable Gordon J. Quist |

**REPORT AND RECOMMENDATION**

Pursuant to W.D. MICH. L.CR.R. 11.1, the undersigned conducted a plea hearing in the captioned case on November 9, 2006, after receiving the written consent of Defendant and all counsel. At the hearing, Defendant Darron Deon Howard entered a plea of guilty to the One-Count Indictment, charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 921(a) and 924(a)(2).

On November 17, 2006, the undersigned recommended that Defendant's guilty plea be accepted. (Dkt. #22). The Honorable Gordon J. Quist adopted this recommendation. (Dkt. #23). However, prior to sentencing Defendant sent to the Court a letter containing assertions that would arguably constitute a defense of justification and/or innocent possession. Accordingly, Judge Quist vacated the Order adopting the Report and Recommendation. (Dkt. #29).

Pursuant to W.D. MICH. L.CR.R. 11.1, the undersigned conducted a second plea hearing in this matter, on April 30, 2007, after receiving the written consent of Defendant and all counsel. At this second hearing, Defendant Darron Deon Howard again entered a plea of guilty to the One-Count Indictment, charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 921(a) and 924(a)(2). For the reasons discussed herein, the undersigned recommends that the Court accept Defendant's plea of guilty.

In *United States v. Hargrove*, 416 F.3d 486 (6th Cir. 2005), the court identified the factors which must be present for a "justification" defense to apply: (1) the felon was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;[1] (2) the felon did not recklessly or negligently place himself in a situation in which it was probable that he would be forced to choose the criminal conduct; (3) the felon had no reasonable legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm; (4) a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm; and (5) the felon did not maintain possession any longer than absolutely necessary. *Id.* at 489-90. The Court further held that this particular defense must "be construed very narrowly." *Id.* at 490.

In *United States v. Mason*, 233 F.3d 619 (D.C. Cir. 2000), the court discussed the related "innocent possession" defense in a felon in possession of a firearm case. The record must show: (1) the firearm was obtained innocently and held with no illicit purpose; and (2) the possession of the firearm was transitory - i.e., in light of the circumstances presented, "there is a good basis to

---

[1] In *United States v. Newcomb*, 6 F.3d 1129 (6th Cir. 1993), the Sixth Circuit held that this first criteria encompasses threats of death or serious bodily harm to third persons. *Id.* at 1134-36.

- 2 -

find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible." *Id.* at 624. With respect to the latter requirement, the court further observed that the defendant's actions "must demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with immediacy and through a reasonable course of conduct." *Id.*

During his allocution, Defendant maintained the facts as outlined in the March 13, 2007 correspondence to the Court. In brief, Defendant maintains that he took the gun in question from a friend of his who was using it in a threatening manner towards a third person with whom Defendant's friend was having an argument. Defendant also admitted that when police arrived on the scene, he fled the scene on foot carrying the firearm and soon thereafter threw the firearm to the ground. As the Court may be aware, the government takes the position that it has an eyewitness who saw defendant point the gun at someone, which Defendant repeatedly denied at his plea hearing. Nevertheless, even assuming Defendant's version of the facts, I conclude that there is a factual basis for his guilty plea to the charge of being a felon in possession of a firearm because when the police arrived at the scene, Defendant fled from them while possessing the firearm in question. In sum, any justification for possessing the firearm or innocent possession thereof ceased when Defendant fled from the police while possessing the firearm rather than immediately surrendering the firearm to the police.

On the basis of the record made at the hearing, I find that Defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that Defendant

understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that Defendant's plea of guilty to the One-Count Indictment be accepted and that the court adjudicate Defendant guilty. Acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge. The clerk is directed to procure a transcript of the plea hearing for review by the District Judge.


Date:  May 4, 2007                                     /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge


**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).